UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DENISE WINDSAY | CIVIL ACTION |
| VERSUS | NO. 20-1155 |
| UNITED STATES OF AMERICA | SECTION: M (3) |

**SCHEDULING ORDER**

A Scheduling Conference was held by telephone on December 9, 2020 before Case Manager, Cherie Charles. Participating were:

**For Plaintiff:**
Casey DeReus

**For Defendant:**
Jason Bigelow

Pleadings have been completed. Jurisdiction and venue are established.

The deadline to amendments to pleadings, third-party actions, crossclaims, and counterclaims has **passed**. Counsel adding new parties subsequent to the mailing of this Order shall serve on each new party a copy of this Order. Responsive pleadings, when required, shall be filed within the applicable delays.

All pretrial motions, including dispositive motions and motions *in limine* regarding the admissibility of expert testimony, shall be filed and served in sufficient time to permit hearing thereon no later than **June 17, 2021**. This Section adheres to Local Rule 78.1 regarding oral argument on motions. All other motions *in limine* shall be filed by **July 23, 2021** and responses thereto shall be filed by **July 30, 2021**.

Motions for summary judgment and oppositions to motions for summary judgment shall be filed in compliance with Local Rules 56.1 and 56.2, requiring parties to file a short and concise statement of materials facts as to which there does or does not exist a genuine issue to be tried. Additionally, each party shall make specific reference to record evidence supporting its statement of material facts. Citations to record evidence shall indicate, whenever applicable, an exhibit reference, page reference, and record document number reference. Record evidence not specifically referred to by the parties may not be considered by the Court.

Motions filed in violation of this Order will not be considered unless good cause is shown.

This case **does not** involve extensive documentary evidence, depositions, or other discovery. No special discovery limitations beyond those established in the Federal Rules or Local Rules of this Court are established.

Counsel shall deliver a hard copy of any pleadings along with any exhibits and attachments that together exceed 100 pages in total length to chambers at 500 Poydras Street, Room C-367 for the Court's use. This copy must be delivered to chambers at the time of CM/ECF filing. This copy must be in a three-ring binder, tabbed, and reflect pagination and document numbers consistent with the electronic document stamping of CM/ECF.

Counsel shall complete all disclosure of information as follows:

Initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) **have** been completed.

Depositions for trial use shall be taken and all discovery shall be completed no later than **July 16, 2021**. The parties should only submit pertinent pages of deposition transcripts. Submission of an entire transcript is strongly discouraged.

The deadline for plaintiff's expert disclosures has **passed**. This deadline applies to all experts, as defined by Federal Rule of Civil Procedure 26(a)(2)(B) and (C), who may be witnesses for Plaintiff.

The deadline for defendant's expert disclosures has **passed**. This deadline applies to all experts, as defined by Federal Rule of Civil Procedure 26(a)(2)(B) and (C), who may be witnesses for Defendant.

Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial, including the address of each witness. Each party shall designate those witnesses whose testimony the party expects to present by deposition and provide their opponents with a transcript of the pertinent parts of the deposition. The parties should provide pertinent pages of deposition transcripts; provision of the entire transcript is strongly discouraged. Additionally, each party shall identify the documents or exhibits the party may or will use at trial, separately identifying those items the party expects to offer and those it may offer if the need arises. The deadline for filing these disclosures has **passed**.

The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

The parties are encouraged to discuss settlement possibilities. A settlement conference will be scheduled at any time at the request of any party to this action. However, the parties must attend a settlement conference with the assigned magistrate judge. The parties must contact the assigned magistrate judge six weeks prior to the pretrial conference date for the purpose of scheduling a settlement conference which should be held within two weeks prior to the pretrial conference.

A final pretrial conference will be held before the District Judge on **July 27, 2021 at 2:30 p.m.** Counsel will be prepared in accordance with the Pretrial Notice attached.

Trial will commence on **August 16, 2021 at 9:00 a.m.** before the District Judge **without** a jury. Attorneys are instructed to report for trial no later than 30 minutes prior to this time. Trial is estimated to last **3** days.

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with the Local Rules and upon a showing of good cause. Continuances will not normally be granted. If, however, a continuance is granted, deadlines and cut-off dates will be extended automatically, unless otherwise ordered by the Court.

New Orleans, Louisiana, this 9th day of December, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE