UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DENISE WINDSAY            CIVIL ACTION

VERSUS            NO. 20-1155

UNITED STATES OF AMERICA            SECTION M (3)

### ORDER & REASONS

Before the Court is the motion of plaintiff Denise Windsay for summary judgment on liability.[1] The motion was set for submission on February 11, 2021. Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which in this case was February 3, 2021. The government, who is represented by counsel, has not filed an opposition. Accordingly, because the motion for summary judgment is unopposed, and it appears to the Court that the motion has merit,[2]

---

[1] R. Doc. 20.

[2] This case arises from a car accident where Michael Jensen rear-ended Windsay. R. Doc. 1 at 4-5. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). It is undisputed that on October 19, 2017, Windsay was travelling eastbound on Terry Parkway in Gretna, Louisiana, when she was rear-ended by Jensen. R. Docs. 20-2 at 1; 20-5; 20-6 at 1. Jensen was a Coast Guard employee who was acting within the course and scope of his employment when he hit Windsay. R. Docs. 20-2 at 2; 20-6 at 2.

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." La. R.S. 32:81(A). "Louisiana courts have uniformly held that a following motorist in a rear-end collision is presumed to have breached the standard of conduct prescribed in La. [R.S.] 32:81 and hence is presumed negligent." *Mart v. Hill*, 505 So. 2d 1120, 1123 (La. 1987); *see also Tiblier v. Boudauin*, 293 So. 3d 1224, 1227 (La. App. 2020) ("Following motorists in rear-end collisions are presumed to have breached the statutory standard of care; thus, they are presumed negligent."). Employers are liable for the acts of their employees who are acting within the course and scope of their employment. La. Civ. Code art. 2320. In this case, Jensen admits that he rear-ended Windsay and that he did so while he was acting within the course and scope of his employment with the United States Coast Guard. R. Doc. 20-6 at 1-2. Therefore, the government is indisputably responsible, and summary judgment on the issue of liability is appropriate.

IT IS ORDERED that the motion of plaintiff Denise Windsay for summary judgment on liability (R. Doc. 20) is GRANTED.

New Orleans, Louisiana, this 11th day of February, 2021.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE